**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

RONALD CHARLES HESS,          )
                              )
                  Petitioner, )
                              )
vs.                           )          **Case No. 09-CV-257-GKF-TLW**
                              )
MIKE MULLIN, Warden,          )
                              )
                  Respondent. )

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred

by the statute of limitations (Dkt. # 5).  Petitioner, a state inmate appearing *pro se*, filed a response

(Dkt. # 11) to the motion to dismiss.  He also filed a brief in support of his response (Dkt. # 12).

Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period

on habeas corpus petitions).  For the reasons discussed below, the Court finds that the petition was

not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas

corpus shall be dismissed with prejudice.

As a preliminary matter, the Court notes that in opening this action, the Clerk of Court

inadvertently identified the Attorney General of the State of Oklahoma as a party respondent.  The

proper respondent in this case is Mike Mullin, Warden.  The Attorney General of the State of

Oklahoma shall be dismissed.

### *BACKGROUND*

Petitioner challenges his convictions entered in Rogers County District Court, Case No. CF-

2003-421. See Dkt. #1. The record reflects that on January 24, 2005, the state district court found

Petitioner guilty after accepting his pleas of guilty to two (2) counts of Lewd Molestation.[1]  See Dkt. # 1, Ex. A.  He was sentenced to ten (10) years imprisonment on each count, to be served concurrently.  Id.  The Judgment and Sentence reflects that the Court advised Petitioner on the record that his offenses subjected him to the 85% Rule.  Id. Pursuant to the negotiated plea agreement, separate charges involving a different victim, filed in Rogers County District Court, Case No. CF-2004-595, were dismissed. See Dkt. # 6, Ex. 1. Petitioner did not file a motion to withdraw his pleas and did not perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  See Dkt. # 6, Ex. 2.

On April 5, 2007, Petitioner filed his first application for post-conviction relief.  Id. The state district court denied the application by order filed April 20, 2007.  See Dkt. # 1, Ex. B.  In denying post-conviction relief, the state district court wrote that Petitioner "attacks the fact that the 85% requirement was imposed after the date of the offenses at issue."  Id.  Petitioner appealed to the OCCA, and by order filed June 12, 2007, in Case No. PC-2007-503 (Dkt. # 6, Ex. 2), the OCCA affirmed the district court's denial of post-conviction relief.

Petitioner filed his second application for post-conviction relief on June 10, 2008.  See Dkt. # 6, Ex. 3.  By order filed June 27, 2008, the state district court denied relief. See Dkt. # 1, Ex. C. As noted by the state district court judge, Petitioner again alleged that the 85% Rule had been improperly applied to his sentences.  Id. Petitioner appealed and on September 25, 2008, in Case No. PC-2008-709 (Dkt. # 1, Ex. E), the OCCA affirmed the denial of post-conviction relief.

---

[1]Petitioner was originally charged with two (2) counts of First Degree Rape.  See Dkt. # 6, Ex. 1.  After both counts were amended to Lewd Molestation, Petitioner entered negotiated pleas of guilty.

On December 10, 2008, Petitioner filed a petition for writ of habeas corpus in Muskogee County District Court, Case No. WH-08-1824. See Dkt. # 6, Ex. 3.  By order filed January 8, 2009 (Dkt. # 1, Ex. D), the state district court denied habeas corpus relief.

Petitioner commenced this habeas corpus action on May 1, 2009. See Dkt. # 1. Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d).  See Dkt. # 5.

## ANALYSIS

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

3

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his pleas of guilty in Case No. CF-2003-421, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on February 3, 2005.  See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on February 3, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after February 3, 2006, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, Petitioner did not seek any post-conviction relief during the relevant period.  Petitioner's first application for post-conviction relief was not filed until April 5, 2007, or more than a year after the February 3, 2006, deadline. His second application for post-conviction relief was filed more than two (2) years after the deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction

proceedings commenced by Petitioner after expiration of the limitations period did not toll the limitations period.  Therefore, this action, commenced on May 1, 2009, appears to be untimely.

In his petition, Petitioner asserts that Rogers County District Court was without jurisdiction to sentence him under Oklahoma's 85% Rule[2] because his crimes were committed in March and May of 1997, or before the effective date of the statute.  See Dkt. # 1.  He also claims that he received ineffective assistance of counsel, that his guilty pleas were not voluntarily, knowingly, and intelligently entered, and that he was denied a direct appeal through no fault of his own.  See id. In response to the motion to dismiss, Petitioner asserts he "discovered that the '85% Rule' did not apply to his case shortly before he filed his second application for post-conviction relief."  See Dkt. # 12.  He claims that under 28 U.S.C. § 2244(d)(1)(D) his petition is timely, that he is entitled to equitable tolling, and that application of the one-year limitations provisions of the AEDPA violates the Suspension Clause of the United States Constitution.  See id.

Petitioner has failed to convince the Court that his one-year limitations period began to run under 28 U.S.C. § 2244(d)(1)(D).  Under § 2244(d)(1)(D), the one-year period may also begin to run on "the date on which the factual predicate of the claim . . . presented *could have been discovered through the exercise of due diligence*."  28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner admits that he knew at the time of sentencing that the 85% Rule was being applied to his sentences. In addition, Petitioner provides a copy of the Information filed in Rogers County District

---

[2]Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections.  Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed."  Okla. Stat. tit. 21, § 12.1.

Court, Case No. CF-2003-421, <u>see</u> Dkt. # 1, Ex. F, reflecting the dates of his offenses. Thus, Petitioner could have become aware of the factual predicate of his claims through the exercise of due diligence at the time of sentencing.  Although Petitioner may not have learned the legal significance of the facts until some time later,[3] knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D).  <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, application of § 2244(d)(1)(D) does not save this petition.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling.  <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998); <u>see also</u> <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th Cir.2008) (quoting <u>Lawrence v. Florida</u>, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" <u>Id.</u>

---

[3]Petitioner claims that he learned the basis of his claims just before filing his second application for post-conviction relief. However, the record reflects that in his first application for post-conviction relief, Petitioner raised a claim based on the impropriety of applying the 85% Rule given the 1997 date of the offenses.  <u>See</u> Dkt. # 1, Ex. B.

(quoting <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008)).  In this case, Petitioner has not

demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and

exceptional circumstances" sufficient to warrant equitable tolling. <u>Gibson</u>, 232 F.3d at 808.  The

Court notes that although the limitations period had already expired before Petitioner sought any

relief in state court, Petitioner waited almost one (1) full year after the OCCA affirmed the denial

of his first application before filing his second application for post-conviction relief. He offers no

explanation for that delay or for the delay in filing his federal petition after the conclusion of state

post-conviction and state habeas corpus proceedings. Petitioner has also failed to demonstrate that

his inability to file his habeas petition within the one-year period was due to extraordinary

circumstances beyond his control. <u>Gibson</u>, 232 F.3d at 808. As a result, Petitioner is not entitled to

equitable tolling.

Finally, the Court rejects Petitioner's contention that AEDPA's one-year limitation on the

filing of a federal habeas petition, under these circumstances, violates the Suspension Clause. In

<u>Miller</u>, 141 F.3d at 976-978, the Tenth Circuit noted that "[w]hether the one-year limitation period

violates the Suspension Clause depends upon whether the limitation period renders the habeas

remedy 'inadequate or ineffective' to test the legality of detention." <u>Id.</u> at 977 (quoting <u>Swain v.</u>

<u>Pressley</u>, 430 U.S. 372, 381 (1977)).  The habeas petitioner bears the burden of demonstrating

inadequacy and ineffectiveness. <u>See id.</u> In this case, Petitioner has failed to demonstrate inadequacy

and ineffectiveness. Under these facts, application of the one-year limitations period does not violate

the Suspension Clause.  <u>See</u> <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1145 (10th Cir. 2001); <u>Moton v. Utah</u>,

28 Fed.Appx. 854 (10th Cir. 2001) (unpublished) (stating that "the limitations period, which is not

jurisdictional, does not prohibit habeas petitions but simply requires that they be filed within a reasonable time").

The Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Attorney General of the State of Oklahoma is **dismissed** from this action.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4. A separate Judgment shall be entered in this case.

DATED THIS 14th  day of December, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma